ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAR -1 PM 3: 59

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| MARIAN ALEXANDRU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-054 |
| | ) | |
| WALT WELLS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, brought the above-captioned petition under 28 U.S.C. § 2241. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

### I.    BACKGROUND

Federal officers arrested Petitioner on September 7, 2005, for illegally reentering the United States after being deported, in violation of 8 U.S.C. §§ 1326(a) & (b)(4). (Doc. no. 4, Ex. 3, ¶ 4 & Attach. 1.) Petitioner pled guilty to the illegal reentry charge, and on January 12, 2007, the United States District Court for the Southern District of Florida sentenced him to a 10-month term of imprisonment. (Id. ¶ 5 & Attach. 1.)

Following sentencing, the Bureau of Prisons ("BOP") proceeded to prepare a sentence computation based on Petitioner's 10-month illegal reentry sentence. Because the

term imposed was for less than one year and one day, no Good Conduct Time ("GCT") was applied to the sentence. (Id. ¶ 6 & Attach. 2.) However, Petitioner was awarded 492 days of prior custody credit based on the time that elapsed between the date he was arrested – September 7, 2005 – and the date his sentence commenced – January 12, 2007. As a result of his prior custody credit, Petitioner's statutory release date was determined to be July 7, 2006. (Id.)

Despite the fact that the statutory release date for Petitioner's illegal reentry sentence predated the commencement of the sentence, he was not released from custody for two reasons. First, he was subject to deportation proceedings. (Id. ¶ 7.) Second, a criminal complaint had been filed in the United States District Court for the Northern District of Illinois on December 11, 2006, accusing Petitioner of wire fraud. (Id. ¶ 7 & Attach. 3 (copy of complaint).) On March 8, 2007 , Petitioner was indicted for wire fraud, in violation of 18 U.S.C. § 1343. (Id. ¶ 7 & Attach. 4 (copy of indictment).) Petitioner pled guilty, and on June 17, 2010, he was sentenced to an 87-month term of imprisonment. (Id. ¶ 9 & Attach. 5.) Of note, the sentencing court provided no indication that Petitioner's wire fraud sentence was to run concurrently with his illegal reentry sentence. (See id.)

The BOP then prepared a sentence computation based on Petitioner's 87-month sentence for wire fraud. Petitioner was awarded 1,440 days of prior custody credit for the time that elapsed between the statutory release date for his illegal reentry sentence – July 7, 2006 – and the date his wire fraud sentence commenced – June 17, 2010. (Id. ¶ 11 & Attach. 8.) Additionally, Petitioner was projected to earn 341 days of GCT. (Id.) Based on these factors, the BOP projected Petitioner's release date to be October 31, 2012. (Id.)

Petitioner now contends that the BOP's computation of his sentences is incorrect. In his § 2241 petition, he contends that he should be awarded GCT based on the total time he has been incarcerated for both his illegal reentry and wire fraud sentences. (See doc. no. 1, pp. 3-4.) In subsequent filings, he continues to dispute the amount of GCT to which he is entitled, and he additionally argues that his sentence should be reduced based on an increased award of prior custody credit and that his two sentences should run concurrently rather than consecutively. (See doc. nos. 5, 9.) Respondent disputes each of these contentions and asserts that the BOP's computation of the time Petitioner must serve on his sentences is correct. (Doc. nos. 4, 7.)

## II. DISCUSSION

### A. The Sentences for Petitioner's Illegal Reentry and Wire Fraud Convictions Must Run Consecutively

Petitioner's contention that the sentences for his two convictions should run concurrently is without merit. Addressing the issue of multiple sentences of imprisonment, 18 U.S.C. § 3584 provides, "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." The BOP's Program Statement ("PS") governing multiple sentences of imprisonment adheres to this rule. See PS 5880.28(3)(e) ("If . . . multiple terms of imprisonment are imposed at different times . . . without the judge specifying whether they are to run concurrently or consecutively, they will run consecutively unless the statute specifies otherwise (quoting legislative history for § 3584)).

Here, the terms of imprisonment for Petitioner's illegal reentry and wire fraud

3

convictions were imposed at different times; indeed, he was sentenced for the wire fraud conviction nearly three and a half years after being sentenced for the illegal reentry conviction. (See doc. no. 4, Ex. 3, ¶¶ 5, 9 & Attachs. 1, 5.) Moreover, neither of the sentencing courts ordered that the terms were to run concurrently. (See id.) Nor do the criminal statutes that Petitioner violated provide that his sentences should run concurrently. See 8 U.S.C. §§ 1326(a) & (b)(4); 18 U.S.C. § 1343. Therefore, the sentences must run consecutively.[1]

Petitioner contends that § 3584 does not apply to him because it refers to "the court," whereas he was convicted and sentenced in two different courts. (See doc. no. 9, pp. 1-2.) The Court finds this contention without merit, as both the Sentencing Guidelines and relevant case law demonstrate that § 3584 applies irrespective of whether the terms of imprisonment at issue were imposed by the same or different courts. See, e.g., U.S.S.G. § 5G1.3, Application Note 3(A)(iv) (noting that, in determining whether a prior undischarged sentence should run concurrently or consecutively to a new sentence, a federal sentencing court should consider whether the prior sentence was imposed in state court or a different federal court); United States v. Porcelli, 440 F. App'x 870, 880 (11th Cir. 2011) (*per*

---

[1]Additionally, the Court notes that the imposition of Petitioner's sentence and the statutory release date for Petitioner's illegal reentry conviction predated his sentencing on the wire fraud conviction. Therefore, at the time Petitioner was sentenced on the wire fraud conviction, he was not subject to an "undischarged" term of imprisonment for the illegal reentry conviction, which is one of the conditions set forth in § 3584 for allowing a previous term of imprisonment to run concurrently with a later imposed term. See 18 U.S.C. § 3584(a) ("[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . ." (emphasis added)).

4

*curiam*) (applying § 3584 where defendant's prior term of imprisonment was imposed by a different court).

In sum, pursuant to § 3584(a), Petitioner's sentences must run consecutively, and Petitioner's attempt to avoid application of § 3584 is unavailing.

### B. The BOP's Computation of Petitioner's Sentences Accurately Reflects the Amount of GCT and Prior Custody Credit to Which He Is Entitled

Petitioner also misses the mark with his assertion that the BOP has improperly denied him GCT or prior custody credit.

Regarding the issue of GCT, under 18 U.S.C. § 3624(b)(1), a federal prisoner can receive credit for "satisfactory behavior" as follows:

> [A] prisoner who is serving a term of imprisonment of more than 1 year[,] other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the [BOP] that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence.

18 U.S.C. § 3624(b)(1) (emphasis added). The BOP has promulgated a regulation concerning the proper method for calculating GCT time under this statute which provides that an inmate may earn GCT credits based on the time actually served and not the sentence imposed.[2] 28 C.F.R. § 523.20.

---

[2]The Eleventh Circuit determined that although the statutory language of § 3624(b)(1) is ambiguous, "the Bureau's interpretation of the statute that a federal prisoner should get good time credit of 54 days for each year he actually serves in prison is reasonable and therefore is due to be affirmed." Brown v. McFadden, 416 F.3d 1271, 1273 (11th Cir. 2005) (*per curiam*).

Here, Petitioner asserts that he is entitled to GCT for the total time that he has been incarcerated, including the 10-month term of imprisonment he served for his illegal reentry conviction. (See doc. no. 1, pp. 3-4.) However, as Respondent points out, § 3624(b)(1) only allows GCT to be awarded to prisoners "who [are] serving a term of imprisonment of more than 1 year." See also PS 5880.28(3)(g)(1) ("No GCT can be earned on, or awarded to, a sentence of one year or less."). Because Petitioner's illegal reentry sentence was for one year or less, the BOP properly excluded that term when calculating Petitioner's GCT. (See doc. no. 4, Ex. 3, ¶ 10-11 & Attach. 8.)) Thus, Petitioner has shown no error in the BOP's determination as to the amount of GCT he has earned or been projected to earn.

Turning to the issue of prior custody credit, Petitioner appears to contend that the BOP has improperly denied him credit for the entirety of the time he served prior to the commencement of his wire fraud sentence. (See doc. no. 5, pp. 2-3.) This contention is likewise without merit.

18 U.S.C. § 3585(b) provides:

A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

(1)    as a result of the offense for which the sentence was imposed; or

(2)    as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Here, Respondent has shown that 492 days were credited against Petitioner's illegal reentry sentence based on the time that elapsed between the date he was arrested – September

7, 2005 – and the date his sentence commenced – January 12, 2007. As a result, the statutory release date for Petitioner's illegal reentry sentence was determined to be July 7, 2006. (See doc. no. 4, Ex. 3, ¶ 6 & Attach. 2.) Regarding the wire fraud sentence, Petitioner was awarded 1,440 days of prior custody credit based on the time that elapsed between the statutory release date for his illegal reentry sentence – July 7, 2006 – and the date his wire fraud sentence commenced – June 17, 2010. (Id. ¶ 11 & Attach. 8.) Contrary to Petitioner's assertions, he is not entitled to additional credit for the time served prior to the commencement of his wire fraud sentence; as Respondent points out, such time had already been applied toward his earlier illegal reentry sentence (see doc. no. 7, p. 5), and § 3585(b) explicitly prohibits the application of one period of prior time served to two separate sentences.[3]

In sum, Petitioner has failed to show any error in the BOP's calculation of his sentence with regard to his entitlement to GCT or prior custody credit. Petitioner's § 2241 petition should therefore be denied.

## III.    CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the

---

[3]The computation of the time Petitioner must serve on his combined sentences is complicated by the fact that, at the time he was sentenced on his reentry conviction, he had already been incarcerated for a period of time that exceeded the term of imprisonment imposed for that conviction. A simpler method of corroborating the BOP's computation of Petitioner's combined sentences is to measure the combined length of his sentences (97 months) from the date of his arrest (September 7, 2005), less the amount of GCT that he is projected to earn (341 days – assuming that he will continue to earn the full allotment of GCT and excluding the 10-month illegal reentry sentence from the GCT calculation, as explained above). This formula confirms the projected date of release set forth in the BOP's computation: October 31, 2012. (Id. ¶ 11 & Attach. 8.)

instant § 2241 petition be **DENIED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent Wells.

SO REPORTED and RECOMMENDED this _1st_ day of _March_, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE